**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

Mark S. Hendrickson,                                  File No. 25-CV-03410 (JMB/DTS)

      Petitioner,

v.                                                                          **ORDER**

Tracy Beltz, *Warden*; and Keith Ellison,
*Minn. Atty. Gen.*,

      Respondents.

---

Mark S. Hendrickson, Faribault, MN, self-represented.

George Randolph Kennedy, Sherburne County Attorney's Office, Elk River, MN; and Lisa Lodin and Thomas R. Ragatz, Office of the Minnesota Attorney General, St. Paul, MN; for Respondents Tracy Beltz and Keith Ellison.

---

This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge David T. Schultz, dated January 26, 2026, on Petitioner Mark S. Hendrickson's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, Motion for a Preliminary Injunction, and Motion to Expand the Record for Review. (Doc. No. 22 [hereinafter, "R&R"].) Hendrickson objected to the R&R and Respondents filed a response. (Doc. Nos. 23, 26.) For the reasons explained below, the Court will overrule Hendrickson's objection and deny the Petition.

**BACKGROUND**

The factual background for this matter is set forth in the R&R and is incorporated here by reference. Because the R&R provides a detailed history, the Court only briefly

1

summarizes it here.

In September 2018, a jury in Sherburne County, Minnesota, found Hendrickson guilty of First-Degree Criminal Sexual Conduct, Minn. Stat. § 609.342, subd. 1(a). *State v. Hendrickson*, No. 71-CR-17-970, Index #61 (Minn. Dist. Ct. Sept. 26, 2018). The trial court sentenced Hendrickson to 172 months' imprisonment. *Id.*, Index #126. Hendrickson thereafter sought postconviction relief and filed a direct appeal to the Minnesota Court of Appeals. *Hendrickson v. State*, No. A24-1080, 2025 WL 1022292 (Minn. Ct. App. Apr. 7, 2025); *State v. Hendrickson*, No. A19-0680, 2023 WL 2564630 (Minn. Ct. App. Mar. 13, 2023), *rev. denied*, (Minn. May 31, 2023).

In August 2025, Hendrickson filed his Petition with this Court pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) In it, he asserted ten grounds for habeas relief, including that he received constitutionally ineffective assistance of trial and appellate counsel, that there were defects with the trial court's exercise of jurisdiction, and that the trial court improperly admitted certain prior-bad-acts testimony at his trial. In January 2026, the Magistrate Judge issued an R&R on the Petition. (Doc. No. 22.) In the R&R, the Magistrate Judge concluded that all issues raised in Hendrickson's Petition had been procedurally defaulted, and that grounds for excusing procedural default did not exist on the record. Accordingly, the Magistrate Judge recommends that the Petition be denied, that all pending ancillary motions be denied as moot, and that no certificate of appealability be issued.

## DISCUSSION

Hendrickson generally objects to the Magistrate Judge's recommendations to deny the Petition and to deny the motion to expand the record. Hendrickson also seeks review

of the denial of his motion for appointment of counsel.  Because Hendrickson's general arguments lack sufficient legal support, the Court adopts the recommendations of the Magistrate Judge and affirms the decision to deny the motion for appointment of counsel.

### A.    Applicable Legal Standards

Magistrate judges issue recommendations concerning dispositive matters, and courts conduct de novo review of any portion of magistrate judges' recommendations to which a petitioner makes specific objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).  However, "[o]bjections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error."  *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).  The Court gives the filings and objections of self-represented litigants liberal construction.  *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

A different standard applies to nondispositive matters.  District courts review magistrate judge orders on nondispositive pretrial matters with extreme deference.  *Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983, 991 (D. Minn. 2017).  The Court will reverse such orders only when the magistrate judge's decision is clearly erroneous or contrary to law.  *Id.*; *see* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a)(3).  A decision is "clearly erroneous" when "the reviewing court is left with the definite and firm conviction that a mistake has been committed."  *Coons*, 268 F. Supp 3d at 991 (quotation omitted).  A decision is "contrary to law" when it "either fails to apply or misapplies pertinent statutes, case law or rules of procedure."  *Id.*

**B.      Review of the Magistrate Judge's Recommendations**

The Magistrate Judge recommends that the Court dismiss the Petition because nine of the ten grounds for relief asserted in it were procedurally defaulted, and the remaining ground for relief raised an issue of state evidentiary law, which is not properly reviewed in a federal habeas action.  (*See* R&R.)  The Magistrate Judge also recommends that the Court deny Hendrickson's motion to expand the record, and that no certificate of appealability be issued.  Because Hendrickson's objection is not sufficiently specific or supported by a well-developed legal argument, the Court overrules the objection and adopts the recommendations of the Magistrate Judge.

Hendrickson is a state prisoner whose habeas petition is brought pursuant to 28 U.S.C. § 2254.  Federal courts do not re-examine state court determinations of state law questions.  *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).  Instead, a state prisoner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is not granted "with respect to any claim that was adjudicated on the merits in State court proceedings" unless the state court's adjudication of the claim resulted in either

> (1) . . . a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) . . . a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  For that reason, "[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."

4

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation and internal citation omitted). That being the case, a state prisoner seeking relief under section 2254 must have "fairly present[ed] his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Latimer v. Smith*, 351 F. Supp. 3d 1218, 1223 (D. Minn. 2018) (quotation omitted). It is not sufficient if a state prisoner presented the state courts with a claim that was only "merely similar" to their federal habeas claim. *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005) (quotation omitted).

On habeas review, a claim is "procedurally defaulted" if the petitioner did not exhaust his state court remedies, and the state court to which he should have presented his claim "would now find it procedurally barred." *Hamilton v. Roehrich*, 628 F. Supp. 2d 1033, 1045 (D. Minn. 2009). This Court cannot review an otherwise procedurally defaulted claim in a section 2254 action unless the petitioner can show "[1] cause for the default *and* actual prejudice as a result of the alleged violation of federal law, *or* [2] demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (emphasis added).

In his objection, Hendrickson makes conclusory assertions that he received constitutionally ineffective assistance from both his trial and appellate counsel, that there were defects in the trial court's exercise of jurisdiction, and that the trial court erroneously admitted *Spriegl* evidence at trial. (Doc. No. 23 at 5–11.) However, Hendrickson does not raise any specific or discernible objection to the Magistrate Judge's otherwise thorough analysis of and conclusions of the following: (1) Hendrickson failed to fairly present his

5

ineffective-assistance claims to the state courts and failed to demonstrate prejudice to excuse the procedural default, (2) Hendrickson did not fairly present his jurisdiction claim to the state courts, and (3) Hendrickson's claims that the trial court erred by admitting certain *Spriegl* evidence are not proper grounds for relief under 28 U.S.C. § 2254. (R&R at 6–12.) Because Hendrickson does not raise any specific objection, and because the Court detects no clear error in the Magistrate Judge's treatment of Hendrickson's claims of ineffective assistance, jurisdictional defects, and erroneous admission of prior-bad-acts evidence, the Court overrules Hendrickson's objection.

In addition, after the close of briefing on his Petition, Hendrickson moved to expand the record with certain documents from the state court proceedings. (Doc. No. 20; Doc. No. 23 at 12.) The Magistrate Judge recommended that the Court deny Hendrickson's motion. (R&R at 14.) Hendrickson now objects, arguing that the Court should order the state courts to provide certain documents to this Court—primarily certain documents pertaining to a harassment restraining order Hendrickson sought against his appellate counsel. (Doc. No. 23 at 12; *see also* Doc. No. 21.) However, Hendrickson does not specify why the documents are necessary to this Court's consideration of his constitutional claims. Therefore, the Court cannot conclude that the Magistrate Judge's denial of Hendrickson's motion to expand the record was clearly erroneous.[1]

---

[1] To the extent that portions of Hendrickson's written submission could be construed as a request that the Court review the diet offered to him while in custody (Doc. Nos. 24, 25), the Court declines to consider this request because the issue was not raised to the Magistrate Judge. In addition, dietary concerns relate to the conditions of his confinement (as opposed to the validity of his conviction or length of detention) and exceed the scope of habeas relief. *E.g.*, *Spencer v. Haynes*, 774 F.3d 467, 470–71 (8th Cir. 2014).

### C.     Review of the Denial of the Motion to Appointment Counsel

Hendrickson also seeks review of the Magistrate Judge's denial of his motion to appoint counsel. (Doc. No. 18.) The Court concludes that the motion is untimely, and also that the Magistrate Judge did not err in making this decision.

On November 24, 2025, approximately two months before issuing the R&R, the Magistrate Judge denied Hendrickson's motion to appoint counsel. (*Id.*) Objections to a magistrate judge's order must be brought within fourteen days of being served with the ruling. Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a)(1). Here, Hendrickson raised an objection two months after that ruling issued and only after the Magistrate Judge reviewed and issued an R&R on the merits of the Petition. (Doc. No. 23 at 3–5.) The objection is untimely.

In addition, the Court concludes that Hendrickson does not advance a sufficient argument for the Court to have definite and firm conviction that a mistake has been committed or for the Court to conclude that the Magistrate Judge failed to apply or misapplied pertinent statutes, case law, or rules of procedure. *Coons*, 268 F. Supp. 3d at 991; *see* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a)(3). Therefore, the Court affirms the decision of the Magistrate Judge.

### D.     Certificate of Appealability

In the R&R, the Magistrate Judge recommends that the Court not issue a certificate of appealability on grounds that reasonable jurists could disagree with the Court's assessment of the constitutional claims raised in the Petition. (R&R at 13.) In his objection, Hendrickson requests a certificate of appealability to pursue an appeal on six

discrete grounds.  (Doc. No. 23 at 14.)  However, Hendrickson does not make any arguments under the applicable standard for certificates of appealability.  Therefore, absent a discernible objection to the Magistrate Judge's decision, and because the Court detects no clear error in the Magistrate Judge's analysis, the Court agrees that a certificate of appealability shall not issue.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.   The Court OVERRULES Petitioner's Objection (Doc. No. 23) to the R&R.

2.   The Court ADOPTS the R&R.  (Doc. No. 22.)

3.   The Court DENIES the Petition.  (Doc. No. 14.)

4.   The Court AFFIRMS the denial of the Motion to Appoint Counsel.  (Doc. No. 18.)

5.   The Court DENIES AS MOOT Hendrickson's remaining motions.  (Doc. Nos. 4 and 20.)

6.   The Court will not issue a certificate of appealability.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  March 24, 2026                                   /s/ *Jeffrey M. Bryan*
                                                         Judge Jeffrey M. Bryan
                                                         United States District Court